**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES HOLCOMB AND JUNE HOLCOMB**          **CIVIL ACTION**

**VERSUS**                                    **NO. 07-9757**

**THE STANDARD FIRE INS. CO.**                **SECTION: "B"(3)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendant's Motion to Dismiss. (Rec. Doc. 22).  The motion is opposed.  (Rec. Doc. 24).  After review of the pleadings, applicable law and for the following reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED** without prejudice, subject to conditions noted at end.

### BACKGROUND

Plaintiffs, Charles Wayne and June Holcomb, filed suit in Washington Parish seeking compensation under the terms of their homeowners insurance policy for damages caused by Hurricane Katrina to their home located at 64238 Wood Duck Lane, Bogalusa, Louisiana. (Rec. Doc. 1).  Similarly, Plaintiffs sought to recover compensation under the terms of their homeowners insurance policy for a burglary.  (Rec. Doc. 1).  Defendants removed the suit to this Court.  (Rec. Doc. 1).  Subsequent to removal, Defendants sought responses to discovery through two

1

motions to compel.  (Rec. Doc. No. 10, 16).  Plaintiffs failed to respond, and as a result, Defendants moved for Dismissal[1].  (Rec. Doc. 20).  This Court granted Defendant's Motion to Dismiss as unopposed on December 19, 2008.  (Rec. Doc. 21).  Subsequently, Plaintiff filed a Motion for Reconsideration on January 21, 2009.  (Rec. Doc. 22).  Plaintiffs' counsel alleges his failure to prosecute was caused by health and staffing problems and seeks to be relieved of the effect of this Court's judgment.  (Rec. Doc. 22).  Defendant argues Plaintiffs' counsel's health and staffing problems do not constitute grounds for relief under Federal Rule of Civil Procedure 60.  (Rec. Doc. 24).

Plaintiffs' counsel does not cite legal authority for his request for reconsideration; however, Plaintiffs' counsel alleges his failure to prosecute and failure to oppose Defendant's motion for summary judgment were caused by his health and staffing problems.  (Rec. Doc. 22).  Specifically, Plaintiffs' counsel claims he was immobilized from "before Christmas 2007" to "mid-June 2008" because he was suffering from a bone tumor in his shoulder.  (Rec. Doc. 22).  Additionally, Plaintiffs' counsel claims his secretary quit without prior notice on September 29,

---

[1] Plaintiffs' counsel also failed to prosecute Plaintiffs' case seeking compensation for the burglary.  Defendant moved for dismissal, and this Court granted the dismissal. (Civ. Action No. 08-2157; Rec. Docs. 11, 16).

2008, and her failure to calendar "vital deadlines" and to inform Plaintiffs' counsel of pending motions contributed to Plaintiffs' counsel's failure to timely prosecute this case. (Rec. Doc. 22). The resignation of Plaintiffs' counsel's secretary and his illness left Plaintiffs' counsel's office vacant. (Rec. Doc. 22). Plaintiffs' counsel is not in the e-filing system, and because his office was vacant after his secretary resigned, Plaintiffs' counsel did not receive Defendant's Motion to Dismiss. (Rec. Doc. 22). Accordingly, Plaintiffs' counsel asks this Court to Reconsider its Order dismissing Plaintiffs' case.

Defendant argues Plaintiffs' counsel's request for Reconsideration can be reasonably construed as a request for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b), which provides parties may be relieved of the effect of a court's judgment upon showing the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect. (Rec. Doc. 24). Defendant alleges Plaintiffs' counsel's medical and staffing problems to not constitute grounds for relief pursuant to Rule 60(b) because he failed to conform to his professional duty pursuant to the Rules for Professional Conduct Governing Lawyers. (Rec. Doc. 24). Furthermore, Defendant alleges that if someone was checking Plaintiffs' counsel's mail

as he claims in pleadings, the Motion to Dismiss would have been discovered in ample time because it was timely mailed by Defendant.  (Rec. Doc. 24).

**DISCUSSION**

**A.   STANDARD FOR MOTION FOR RECONSIDERATION**

A motion to reconsider an order may be properly brought as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F. 3d 326, 327 n.1 (5th Cir. 2000).  The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration."  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10(5th Cir. 1998).

If the Motion for Reconsideration is filed more than ten days after the judgment of dismissal, the court must hold the party seeking reconsideration to the more stringent standard of Rule 60(b).  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  Because the present motion for Reconsideration was filed more than ten days after the Court's dismissal, the Motion for Reconsideration will be evaluated under Rule 60(b).  Rule 60(b) provides in pertinent part:

> . . .the court may relieve a party or its
> legal representative from a final judgment,
> order, or proceeding for one of the following
> reasons: (1) mistake, inadvertence, surprise,
> or excusable neglect; (2) newly discovered

4

evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(e); (3) fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiffs' counsel's claims are reasonably construed as request for relief because of excusable negligence.

## B. REQUEST FOR RECONSIDERATION DUE TO EXCUSABLE NEGLIGENCE

Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. *Bohlin v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Excusable neglect has been found where a party's failure to conform to pretrial scheduling deadlines was largely caused by the court's "peculiar, misleading, and inconspicuous notification of the bar date." *Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Supreme Court used several factors to evaluate excusable negligence pursuant to Rule 60(b) including risk of prejudice, the length of delay and effect of delay on judicial proceedings, reason for the delay, and whether the movant acted in good faith. *Id.* The Supreme Court weighed only slightly the "upheaval" resopondant's counsel

5

experienced in his law practice at the time of the deadline.  *Id. at 396.*

Similarly, Plaintiffs' counsel in the instant case pleads upheaval in his law practice and medical problems as the cause for his failure to timely prosecute Plaintiffs' case.  In support of his contentions, Plaintiffs' counsel supplies the Court with only a narrative of his troubles and a photo which allegedly shows the mass removed from his shoulder.  Plaintiffs' photo does not provide the Court with time, date, name, or other indicia of the photo's origins or contents.  Plaintiffs' counsel fails to include with the photo his doctor's explanation of Plaintiffs' counsel's recent medical history and what effect his condition might have on his ability to prosecute this case.  Accordingly, this Court cannot reasonably conclude Plaintiffs' counsel's failure to timely prosecute the instant case was caused by excusable negligence as Plaintiffs' counsel has failed to provide sufficient evidence of his medical condition.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED WITHOUT PREJUDICE** to review timely and detailed proof from medical authorities that attempt to explain the effect of counsel's medical condition upon his ability to practice law.

6

Said proof must be provided within 17 days of entry of order by Plaintiffs' counsel.  Further, Plaintiffs' counsel still faces possible financial sanctions for his untimely actions noted above.

New Orleans, Louisiana, this 1st day of July, 2009.


**UNITED STATES DISTRICT JUDGE**